**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JAMES KUSHI, | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA AND | ) |
| PETER E. SMITH INSURANCE | ) |
| AGENCY, INC. LONG TERM | ) |
| DISABILITY PLAN | ) |
| Defendants | ) |
| | ) |
| | ) |

# 03 - 30281 - MAP

**COMPLAINT**

**FILING FEE PAID:**
RECEIPT # 305425
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 11/21/03

## INTRODUCTION

1.    Plaintiff, James Kushi ("Mr. Kushi"), brings this action against Defendants, Unum Life

Insurance Company of America ("Unum") and Peter E. Smith Insurance Agency, Inc.

Long Term Disability Plan ("Plan") (collectively referred to as "Defendants") for

violation of the Employment Retirement Income Security Act of 1974, as amended, 29

U.S.C. §§ 1001 *et. seq.* ("ERISA").  Mr. Kushi is a participant in an ERISA welfare

benefit plan that is underwritten and insured by Unum.  The name of the welfare benefit

plan is the Peter E. Smith Insurance Agency, Inc. Long Term Disability Plan.  The Plan

number is 549967 001.

2.    This Complaint challenges: (1) the Defendants unlawful termination of Mr. Kushi's Long

Term Disability ("LTD") total disability benefits without appropriate justification and

without granting him a full and fair review of his claim for benefits; (2) Unum's pattern

of rejecting and/or ignoring the opinions of Mr. Kushi's treating and examining

physicians in at attempt to deprive him of the appropriate LTD benefits he is due; and (3)

Unum's failure to provide a reasonable claims procedure that would yield a decision on

the merits of Mr. Kushi's claim.

3.    Mr. Kushi is filing this action to recover benefits due under the Plan, to enforce the

present rights existing therein, to clarify rights under the terms of the Plan, and to recover

costs and attorneys' fees as provided by ERISA.

**JURISDICTION**

4.    This court has personal and subject matter jurisdiction over this case under 29 U.S.C. §

1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in

that the Plan is administered in this district.

**PARTIES**

5.    Mr. Kushi is a 49-year-old individual who currently resides in Pittsfield, Massachusetts.

Mr. Kushi is a vested participant in a Unum employee benefit plan, within the meaning of

29 U.S.C. § 1002(2)(7).  Mr. Kushi has standing to bring this action under 29 U.S.C. §

1132(a).

6.    The defendant, Unum, is a for-profit corporation with its principal place of business at

2211 Congress Street, Portland, Maine.  Unum transacts business in Massachusetts and

underwrites the Plan under which Mr. Kushi is suing.  Unum is the party responsible for

processing the claims made under the Plan and making a final determination as to Plan

participants' eligibility for LTD benefits.

7.    At all times relevant to the claims asserted in this Complaint, Unum purported to act as an

2

ERISA claims fiduciary with respect to participants of the plan, generally, and

specifically, with respect to Mr. Kushi, within the meaning of ERISA.

8.    The Plan under which Mr. Kushi is suing is a "long term disability plan" issued by Unum

to Peter E. Smith Insurance Agency, Inc., a Massachusetts company with its principal

place of business at 703 West Housatonic Street, Pittsfield, Massachusetts. The Plan

number is 549967 001. (*See* Exhibit A.).

### STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

9.    At the time he became disabled, Mr. Kushi was working at Peter E. Smith Insurance

Agency, Inc. in Pittsfield, Massachusetts.

10.    As an employee of BPS, Mr. Kushi was provided with LTD benefits under a contract of

insurance between BPS and Unum.

11.    Unum both funds and administers the Plan under which Mr. Kushi is suing.

12.    Under the terms of the Plan, Mr. Kushi is entitled to receive 60% of his monthly earnings

to a maximum benefit of $20,000 a month until he turns 65 years old.

13.    Under the terms of the Plan, "disability" is defined as follows:

You are disabled when Unum determines that:

   –    you are limited from performing the material and substantial duties of your
        regular occupation due to your sickness or injury; and
   –    you have a 20% or more loss in your indexed monthly earnings due to the
        same sickness or injury; and
   –    during the elimination period, you are unable to perform any of the
        material and substantial duties of your regular occupation.

14.    The Plan further states with respect to disability: "After 24 months of payments, you are

3

disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

15.   The Plan also states: "We may require you to be examined by a doctor, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Unum Representative."

16.   "Regular Occupation" is defined under the Plan in the following manner: "Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific locations."

17.   At the time he became disabled, Mr. Kushi's regular occupation was that of a traveling salesman, with a territory from Bangor, Maine to northen North Carolina, New York, Maryland, Florida and Vermont. Mr. Kushi generally traveled by car.

18.   The Plan provides claimants with 60% of their monthly earnings, minus all deductible sources of income, including but not limited to, the amount of Social Security Disability Income ("SSDI") benefits.

19.   Except for the terms defined above, the Plan contains no other definition or explanation for the terms "disability."

## Dr. Kushi's Claim For LTD Benefits

20.   Mr. Kushi has presented a timely claim to Unum, asserting that he is an insured person,

4

that he became disabled while insured, and that he is entitled under the Plan to LTD benefits for the period of time beginning November 23, 2001, when he became totally disabled, and continuing thereafter without interruption through to the present, and continuing in the future until he reaches the age of 65 or is no longer disabled.

**Illness/Basis for Disability**

21. On January 22, 2001, Mr. Kushi underwent a anterior cervical diskectomy at C5-6 and C6-7 with fusion and plating. He experienced neck and right shoulder pain following surgery, and was followed by numerous physicians to aid in addressing his symptoms.

22. Mr. Kushi was able to continue to work through the pain, however, with the use of Vicodin.

23. On November 23, 2001, Mr. Kushi was involved in a car accident, during which he was rear-ended by a Ford F-150 pick-up truck with a plow rig in front of it.

24. Following the accident, Mr. Kushi was seen at Berkshire Medical Center Emergency Room, where he was evaluated for injuries.

25. Following his accident, Mr. Kushi had continued neck pain, which was worse than before the accident, headaches on top of chronic migraine headaches, tingling in his hands, generalized weakness and numbness in his legs and low back pain.

26. Objective symptoms included decreased range of motion, tenderness upon palpitation, hyperesthesia and disk herniations in the lumbar and cervical spine.

27. Mr. Kushi was forced to take increased pain medication, initially Percocet and later, Oxycontin, to address his symptoms. Mr. Kushi experiences diarrhea and other side-effects as a result of his pain medications.

28. Mr. Kushi's limitations and restrictions include the inability to sit or stand for prolonged periods of time, the inability to drive more than a few minutes, the inability to perform any physical tasks associated with activities of daily living, and the inability to care for his household. Mr. Kushi's wife aids him with each of these tasks.

29. Mr. Kushi's symptoms, restrictions and limitations, prohibited him from returning to work as of the date of his accident.

**Application for Benefits**

30. Realizing that he was totally disabled from performing the material and substantial duties of any occupation as a result of his lumbar and cervical spine problems, Mr. Kushi submitted a claim for long-term disability benefits with a disability date of November 24, 2001.

**Internal Appeal**

31. On July 5, 2002, Unum denied Mr. Kushi's claim based upon a medical review conducted by an internal Unum medical doctor.

32. Specifically, Unum stated in support for its denial of benefits: "It was determined that there was no medical to support that you were unable to perform the duties of your occupation of a Sales Agent. Therefore, you do not meet the definition of disability as defined by the contract and there are no benefits payable."

33. Following receipt of this denial Mr. Kushi, through counsel, appealed Unum's denial of Mr. Kushi's benefits. This appeal letter also included a request for Mr. Kushi's claim file, as provided for in the July 5, 2002 letter and in the regulations promulgated pursuant to ERISA.

6

34.    Unum failed to disclose Mr. Kushi's claim file in response to this request.

35.    On December 9, 2002, Unum upheld its denial of Mr. Kushi's benefits on the basis of

alleged "inconsistencies" in Mr. Kushi's "self-report[ed]" symptoms.

36.    Unum requested as a part of its December 9, 2002 denial, that Mr. Kushi submit

"additional compelling medical evidence" for review within 30 days of the date of the

denial.

37.    In response, Mr. Kushi, through counsel, submitted additional medical evidence from Dr.

Gordan Kuhar, a pain management specialist, for Unum's consideration.

38.    On January 7, 2003, Unum again upheld its denial of Mr. Kushi's benefits on the basis of

a medical review conducted by an internal Unum physician as well as a review conducted

by Unum's Vocational Department.

39.    Again, Unum requested that Mr. Kushi submit "additional medical data" within 30 days

of the date of its January 7, 2003 letter.

40.    Following receipt of this denial, Mr. Kushi retained new counsel, who contacted Unum

requesting that it disclose the claim file, as requested by Mr. Kushi's prior counsel.

41.    On February 6, 2003, counsel for Mr. Kushi submitted a detailed appeal enclosing

additional medical evidence supporting Mr. Kushi's claim for total disability, and

responding to the inaccuracies contained in Unum's review of Mr. Kushi's claim.

42.    On April 7, 2003, Unum issued a denial of Mr. Kushi's benefits based upon a medical

review conducted by the same internal physician who conducted prior reviews of Mr.

Kushi's claim.

43.    Unum's April 7, 2003 denial was replete with inaccuracies regarding Mr. Kushi's

7

medical history and his November 23, 2001 motor vehicle accident.

44.  As a result of the inaccuracies contained in Unum's review of Mr. Kushi's claim, counsel
for Mr. Kushi submitted a response to Unum's April 7, 2003 denial to Unum on May 12,
2003.

45.  On June 11, 2003, Unum again upheld its denial of Mr. Kushi's benefits on the basis of a
medical review conducted by the same Unum physician who reviewed Mr. Kushi's file
during the initial reviews. Unum stated, in relevant part: "Based on the information
presented above and in Unum's prior communications, we find that the information
submitted with your letter of May 12, 2003 does not change our prior determination that
Mr. Kushi did not suffer from a sickness or injury so severe as to preclude him from
performing his regular occupation. In turn, we again find that he did not meet the
previously-cited definitions of disability and was not entitled to receive benefits under the
terms of the policy."

46.  The June 11, 2003 denial constituted Unum's final denial pursuant to the terms of the
Plan.

**Unum's Review Of Mr. Kushi's Claim For Benefits**

47.  The primary medical basis for Unum's denial of Mr. Kushi's claim were repeated medical
reviews conducted by Unum physicians.

48.  Despite the complexity of Mr. Kushi's condition, at no time during its administrative
review of Mr. Kushi's claim did Unum seek independent verification of its determination
that Mr. Kushi was not disabled, nor did it request an independent medical examination
of Mr. Kushi as is its right under the terms of the Plan.

8

49.  At no time during its administrative review of Mr. Kushi's claim, Unum misrepresented and misstated the findings of Mr. Kushi's treating and examining physicians.

50.  The decision to deny Mr. Kushi's benefits was self-serving in nature.

51.  Unum's failure to provide a full and fair review of Mr. Kushi's claim for benefits is exemplified in its failure to conduct a vocational review of Mr. Kushi's occupation.

52.  Unum failed to provide Mr. Kushi a full and fair review of his claim for LTD benefits.

53.  The decision to deny Mr. Kushi's benefits was wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

54.  Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it terminated Mr. Kushi's benefits.

55.  Due to the unlawful denial of benefits under ERISA, Mr. Kushi has lost his rightful long-term disability benefits.  He has also suffered emotional distress and humiliation as a result of Unum's actions.

56.  Mr. Kushi has also lost his Life Insurance Policy, issued and insured by Unum, as a result of Unum's decision that he was not disabled.  Unum's review regarding Mr. Kushi's eligibility for waiver of his premium for his life insurance policy on the basis of his disability, was conducted simultaneously with Unum's review of Mr. Kushi's eligibility for LTD benefits.

57.  Due to the unlawful denial of benefits under ERISA, Mr. Kushi has also lost the use of his long-term disability benefits.

58.  Having exhausted the administrative procedures provided by Unum, Mr. Kushi now brings this action.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

59.    Mr. Kushi realleges each of the paragraphs above as if fully set forth herein.

60.    The Plan is a contract.

61.    Mr. Kushi has performed all of his obligations under the contract.

62.    29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

   (1) by a participant or beneficiary –

         (A)  for the relief provided for in subsection (c) of this section, or

         (B)  to recover benefits due to him under the terms of his plan, to enforce his

         rights under the terms of the plan, or to clarify his rights to future benefits

         under the terms of the plan.

63.    The Defendants' actions constitute an unlawful denial of benefits under ERISA, as

provided in 29 U.S.C. § 1132(a)(1)(B).

64.    The Defendants unlawfully denied Mr. Kushi's benefits in part by: (1) rejecting the

opinions of Mr. Kushi's treating physicians without requesting an independent review;

and (2) denying Mr. Kushi a full and fair review of their decision to deny his benefits.

65.    In accordance with 29 U.S.C. §1132, Mr. Kushi is entitled to be paid benefits under the

Plan based upon his disabled status from and after November 2001, and continuing into

the present.

66.    The Defendants have refused to provide Mr. Kushi with these disability benefits and is,

       therefore, in breach of the terms of the Plan and ERISA, which requires that the

       Defendants engage in a full and fair review of all claims and the administration of the

       Plan in the best interests of the Plan participants.

67.    As a direct and proximate result of this breach, Mr. Kushi has lost the principal and the

       use of his rightful LTD benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

68.    Mr. Kushi realleges each of the paragraphs above as if fully set forth herein.

69.    Under the standards applicable to ERISA, Mr. Kushi deserves to recover "a reasonable

       attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29

       U.S.C. § 1132(g).

70.    The Defendants have the ability to satisfy the award.

71.    Mr. Kushi's conduct of this action is in the interests of all participants suffering from

       physical conditions who subscribe to the Plan, and the relief granted hereunder will

       benefit all such participants.

72.    Unum has acted in bad faith in denying Mr. Kushi's benefits under the Plan.

73.    The award of attorneys' fees against the Defendants will deter others acting under similar

       circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)    Declare, adjudge and decree that Mr. Kushi is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2)    Award Mr. Kushi the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-judgment interest as may be allowed by law.

(3)    Order that the Defendants make restitution to Mr. Kushi in the amount of any losses sustained by Mr. Kushi in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4)    Award Mr. Kushi the costs of this action and reasonable attorneys' fees; and

(5)    Award such other relief as the court deems just and reasonable.

Respectfully submitted for the Plaintiff,

By:    _Mala Rafik_

Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470