UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES KUSHI,                            )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Civil Action No. 03-30281-MAP
                                        )
UNUM LIFE INSURANCE COMPANY             )
OF AMERICA and                          )
PETER E. SMITH INSURANCE                )
AGENCY, INC. LONG                       )
TERM DISABILITY PLAN,                   )
                                        )
        Defendants.                     )

## DEFENDANTS' ANSWER

Defendants Unum Life Insurance Company of America ("Unum") and Peter E. Smith Insurance Agency, Inc. Long Term Disability Plan (the "Plan") hereby answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

#### Introduction

1.   Defendants admit that Plaintiff has filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), that Plaintiff was a participant in an ERISA welfare benefit plan, known as the Plan, on the date of his alleged disability, and that Unum issued to the Plan a group long-term disability insurance policy, bearing Policy No. 549967 001 (the "Policy"), and denies the remaining material allegations contained in paragraph 1 of the Complaint.

{W0213001.1}

2. Defendants admit that Plaintiff's Complaint is premised on Unum's denial of Plaintiff's claim for long-term disability benefits, and denies the remaining material allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff's Complaint seeks the recovery of long-term disability benefits pursuant to the Policy, clarification of the parties' obligations under the Policy, and attorneys' fees pursuant to ERISA, and denies any material allegations to the contrary contained in paragraph 3 of the Complaint.

## Jurisdiction

4. Defendants admit that this Court has jurisdiction over this matter, and that the Policy issued to the Plan is administered in part in this judicial district, and deny the remaining material allegations contained in paragraph 4 of the Complaint.

## Parties

5. Defendants admit that Plaintiff is 49 years old, that he was a vested participant in the Policy at the time he alleges he became disabled for purposes of ERISA, and that Plaintiff has standing to bring this action under ERISA, but are without knowledge or information sufficient to form a belief as to Plaintiff's current address, and therefore deny the same.

6. Defendants admit that Unum is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine, that Unum transacts business in Massachusetts, that Unum provides the Policy to the Plan, and that Unum was responsible for determining claimants' eligibility for benefits under the terms of the Policy, and deny any material allegations to the contrary contained in paragraph 6 of the Complaint.

7. Defendants admit that Unum acted as a claims fiduciary pursuant to ERISA under the Policy with respect to Plaintiff, and deny any material allegations to the contrary contained in paragraph 7 of the Complaint.

8. Defendants admit that the Policy under which Plaintiff seeks benefits is a group long-term disability insurance policy, bearing Policy No. 549967 001, issued by Unum to the Plan offered by Plaintiff's former employer, Peter E. Smith Insurance Agency, Inc., and that Peter E. Smith Insurance Agency, Inc. is a Massachusetts company with its principal place of business located at 703 West Housatonic Street, Pittsfield, Massachusetts, and deny any material allegations to the contrary contained in paragraph 8 of the Complaint.

## Statement of Facts

9. Defendants admit that Plaintiff was employed by Peter E. Smith Insurance Agency, Inc. in Pittsfield, Massachusetts, at the time he alleges he became disabled, and deny the remaining material allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that, as an employee of Peter E. Smith Insurance Agency, Inc., Plaintiff was covered under the Policy issued by Unum, and deny the remaining material allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Unum administers the Policy and funds any long-term disability benefits payable under the terms of the Policy, and deny any material allegations to the contrary contained in paragraph 11 of the Complaint.

12. Defendants admit that the Policy provides for long-term disability benefits to eligible claimants in the amount of 60% of a claimant's monthly earnings, up to a

maximum monthly payment of $7,500, minus certain deductions, and deny the remaining material allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that the Policy defines the term "disability," the contents of which speak for themselves, and that Plaintiff has accurately quoted a portion of that definition, and deny any material allegations to the contrary contained in paragraph 13 of the Complaint.

14. Defendants admit that the Policy defines the term "disability," the contents of which speak for themselves, and that Plaintiff has accurately quoted a portion of that definition, and deny any material allegations to the contrary contained in paragraph 14 of the Complaint.

15. Defendants admit that the Policy contains the language set forth in paragraph 15 of the Complaint, and deny any material allegations to the contrary contained in paragraph 15 of the Complaint.

16. Defendants admit that the Policy defines the term "regular occupation," the contents of which speak for themselves, and that Plaintiff has accurately quoted that definition, and deny any material allegations to the contrary contained in paragraph 16 of the Complaint.

17. Defendants admit that, at the time Plaintiff alleges he became disabled, he was employed in the occupation of a sales agent, that his position with his specific employer entailed traveling by car on occasion to a variety of areas, and deny the remaining material allegations contained in paragraph 17 of the Complaint.

18. Defendants admit that the Policy contains provisions for the calculation of long-term disability benefits for eligible claimants, the contents of which speak for

themselves, and deny any material allegations to the contrary contained in paragraph 18 of the Complaint.

19. Defendants admit that the Policy contains provisions that define the term "disability," the contents of which speak for themselves, and deny the remaining material allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff submitted to Unum a timely claim for long-term disability benefits under the Policy, and deny the remaining material allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that Plaintiff underwent an anterior cervical diskectomy procedure on or about January 22, 2001, and that he was treated by physicians in connection with that procedure, and deny the remaining material allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff continued to work following the cervical diskectomy procedure, and deny the remaining material allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the material allegations contained in paragraph 23 of the Complaint.

24. Defendants admit the material allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff alleges he experienced pain, headaches, and tingling following the accident, and deny the remaining material allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the material allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff was prescribed various pain medications, and deny the remaining material allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the material allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the material allegations contained in paragraph 29 of the Complaint.

30. Defendants admit that Plaintiff submitted to Unum a claim for long-term disability benefits under the Policy, alleging an onset date of November 24, 2001, and deny the remaining material allegations contained in paragraph 30 of the Complaint.

31. Defendants admit that Unum sent Plaintiff a letter dated July 5, 2002, the contents of which speak for themselves, denying Plaintiff's claim for long-term disability benefits, based in part on a medical review performed by an in-house medical doctor, and deny any material allegations to the contrary contained in paragraph 31 of the Complaint.

32. Defendants admit that Unum sent Plaintiff a letter dated July 5, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff, through counsel, thereafter submitted a written request for an appeal of Unum's denial of benefits, and deny the remaining material allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the material allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that Unum sent Plaintiff correspondence dated December 9, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 35 of the Complaint.

36. Defendants admit that Unum sent Plaintiff correspondence dated December 9, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff submitted additional information to Unum following the December 9, 2002, correspondence, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 37 of the Complaint.

38. Defendants admit that Unum sent Plaintiff correspondence dated January 7, 2003, the contents of which speak for themselves, upholding its prior denial of long-term disability benefits, based in part on a medical review conducted by an in-house physician and a review conducted by a vocational expert, and deny any material allegations to the contrary contained in paragraph 38 of the Complaint.

39. Defendants admit that Unum sent Plaintiff correspondence dated January 7, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff thereafter retained new counsel, who sent Unum correspondence dated February 10, 2003, following up on correspondence sent by Plaintiff's prior counsel dated December 9, 2002, and deny the remaining material allegations contained in paragraph 40 of the Complaint.

41. Defendants admit that Plaintiff, through counsel, sent Unum correspondence dated February 6, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 41 of the Complaint.

42. Defendants admit that Unum sent Plaintiff correspondence dated April 7, 2003, the contents of which speak for themselves, upholding its prior determination to deny long-term disability benefits, based in part on a medical review conducted by an in-house physician, and deny the remaining material allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the material allegations contained in paragraph 43 of the Complaint.

44. Defendants admit that Plaintiff, through counsel, submitted correspondence to Unum dated May 12, 2003, the contents of which speak for themselves, and deny the remaining material allegations contained in paragraph 44 of the Complaint.

45. Defendants admit that Unum sent Plaintiff correspondence dated June 11, 2003, the contents of which speak for themselves, upholding its prior determination to deny long-term disability benefits, and deny the remaining material allegations contained in paragraph 45 of the Complaint.

46. Defendants admit that Unum's June 11, 2003, correspondence was the final administrative appellate decision rendered on Plaintiff's claim, and deny any material allegations to the contrary contained in paragraph 46 of the Complaint.

47. Defendants admit that Unum conducted repeated medical reviews in the course of reviewing Plaintiff's claim for long-term disability benefits, and reviewed all of

Plaintiff's medical records and documents submitted by Plaintiff during the course of the claims process, and deny any material allegations to the contrary contained in paragraph 47 of the Complaint.

48. Defendants admit that Unum did not ask Plaintiff to undergo an independent medical examination as part of his claim for long-term disability benefits, and deny the remaining material allegations contained in paragraph 48 of the Complaint.

49. Defendants admit that at no time during Unum's administrative review of Plaintiff's claim for long-term disability benefits did Unum misrepresent or misstate the findings of Plaintiff's treating physicians, and deny any material allegations to the contrary contained in paragraph 49 of the Complaint.

50. Defendants deny the material allegations contained in paragraph 50 of the Complaint.

51. Defendants did conduct a vocational review of Plaintiff's occupation in the course of administering Plaintiff's claim for benefits, and therefore deny the material allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the material allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the material allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the material allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the material allegations contained in paragraph 55 of the Complaint.

56. Defendants admit that Unum conducted a review of Plaintiff's claim for waiver of the premiums for his life insurance policy on the basis of his alleged disability, and deny the remaining material allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the material allegations contained in paragraph 57 of the Complaint.

58. Defendants admit that Plaintiff has exhausted his administrative remedies, and deny any material allegations to the contrary contained in paragraph 58 of the Complaint.

## First Cause of Action: Action for Unpaid Benefits

59. Defendants repeat and reallege their answers to paragraphs 1 through 58 of the Complaint as if set forth fully herein.

60. Defendants admit that the Policy issued by Unum to the Plan is a contract, and deny any material allegations to the contrary contained in paragraph 60 of the Complaint.

61. Defendants deny the material allegations contained in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states a conclusion of law to which no response is required. To the extent any response is required, Defendants admit that the section of ERISA cited in paragraph 62 of the Complaint has been quoted accurately.

63. Defendants deny the material allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the material allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the material allegations contained in paragraph 65 of the Complaint.

66. Defendants admit that Unum has determined that Plaintiff is not eligible for long-term disability benefits under the terms of the Policy, and deny the remaining material allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the material allegations contained in paragraph 67 of the Complaint.

## Second Cause of Action: Attorneys' Fees and Costs

68. Defendants repeat and reallege their answers to paragraphs 1 through 67 of the Complaint as if set forth fully herein.

69. Defendants deny the material allegations contained in paragraph 69 of the Complaint.

70. Defendants are without knowledge or information sufficient to form a belief as to the amount of any purported award of attorneys' fees sought by Plaintiff in this action, and therefore deny the material allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the material allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the material allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the material allegations contained in paragraph 73 of the Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, including but not limited to Plaintiff's request for relief ordering Defendant to continue paying disability benefits indefinitely into the future, and Plaintiff's request for restitution, those remedies are preempted by ERISA. *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorney's fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

### SEVENTH DEFENSE

Each and every act or statement done or made by Defendants and their officers, employees and agents with reference to Plaintiff was a good faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

### EIGHTH DEFENSE

The Policy contains monthly benefits reductions, which offset the amount of disability benefits payable under the Policy.

### NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendants deny, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of the recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

### TENTH DEFENSE

Defendants' decisions were neither arbitrary nor capricious.

### ELEVENTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent of the Policy.

### REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request: (i) that the Court dismiss the claims against Defendants with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded its costs of suit incurred herein,

including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: March 1o, 2004

/s/ Mark E. Porada
Geraldine G. Sanchez
Mark E. Porada
PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, a true copy of the foregoing pleading was served upon counsel for Plaintiff, via first class mail, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street, Suite 410
>Boston, MA 02108

DATED: March 10, 2004

_____
Mark E. Porada